**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARNELL ROSS,<br><br>     Plaintiff,<br><br>  v.<br><br>VAN CISE SIMONET DETENTION CENTER,<br><br>     Defendant. | Civil Action No. 22-124 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on the Court's review of Plaintiff Darnell Ross's civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed Plaintiff's application, this Court finds that Plaintiff has shown that he is entitled to proceed *in forma pauperis*, and his application shall be granted. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed for lack of jurisdiction.

**I. BACKGROUND**

  Plaintiff, a homeless individual who currently resides in Portland, Oregon, seeks to use his complaint in this matter to raise a claim against Defendant, a Colorado criminal detention center, for injuries he suffered while detained in the center awaiting trial on assault charges. (ECF No. 1 at 2-15.) Plaintiff's complaint, however, contains no information connecting his claims, all of

which relate to his imprisonment in Colorado, and either this Court or the state of New Jersey. (*See* ECF No. 1 at 1-15.)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims against a Colorado county jail arising out of injuries he apparently suffered while detained awaiting trial on assault charges. This Court, however, cannot take personal jurisdiction over an out of state defendant, such as the Detention Center, unless that defendant has sufficient "minimum contacts" with this Court's forum state, New Jersey, to support a finding that subjecting the defendant to the Court's jurisdiction would comport with traditional notions of fair play and substantial justice. *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003). Nothing in the complaint suggests *any* contact between the Detention Center and the state of New Jersey,[1] and this Court therefore finds that there are no grounds to find personal jurisdiction over Defendant, and this matter must be dismissed as such. *Id.* Plaintiff's complaint is therefore dismissed without prejudice for lack of jurisdiction.[2]

---

[1] Plaintiff's sole basis for filing in this Court appears to be the fact that an Oregon court already dismissed a similar case, and the fact that he apparently has family in Trenton who he visited a few years ago. (*See* ECF No. 1 at 6, 10.)

[2] Although the Court lacks jurisdiction over this matter, this Court finds that a transfer to a court which would have jurisdiction is not in the interests of justice as it is clear that Defendant is in any event not a proper defendant in a civil rights action, *see, e.g., Harris v. Hudson Cnty. Jail*, No. 14-

3

IV.     **CONCLUSION**

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for lack of jurisdiction. An order consistent with this Opinion will be entered.

 

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015) (county jails are not proper Defendants in civil rights matters). This matter shall therefore be dismissed, rather than transferred.